886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry LAMPLEY, Plaintiff-Appellant
v.
William COX, Summit County Coroner; County of Summit, Ohio,
Defendants-Appellees
 No. 88-4056.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1989.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This dispute comes before us again, this time involving the allowance by the district court of attorney fees for Edward L. Gilbert, attorney for plaintiff, Larry Lampley. Previously, in Nos. 86-3577 and 86-3921, we discussed the circumstances of the case indicating "it is clear that Lampley is advancing three claims" against defendants Summit County, Ohio, and William Cox, its coroner. In the prior decision dated December 22, 1987, we reversed the jury verdict and judgment of $20,000 against Summit County on the section 1983 claim only, finding that it "cannot be held liable under section 1983 on a respondeat superior theory."
 
 
 2
 Because Lampley produced no evidence that he was deprived of a pre-termination hearing as a matter of official policy or custom, that part of the order entering judgment against the county must be set aside.
 
 
 3
 Summary judgment on the issue of liability against Cox in his official capacity was granted on the basis of Cleveland Board of Education v. Loudermill, 470 U.S. 332 (1985). We upheld the jury verdict of $20,000 damages for the failure to afford Lampley a pre-termination due process opportunity for a hearing. We also affirmed the district court's decision not to allow the defendant belatedly to raise a qualified immunity defense.
 
 
 4
 Lampley's other two claims were based on 42 U.S.C. Sec. 1981 and Title VII, 42 U.S.C. Sec. 2000e, assertions of racial prejudice as a basis for his termination. Most of the proof presented and time involved in the case revolved around these claims of racial prejudice determined adversely to the plaintiff.
 
 
 5
 Mr. Gilbert sought some $96,000 in attorney fees and costs with respect to his representation of Lampley. After detailed consideration of the proof, including the deposition testimony of Mr. Gilbert, the district court awarded him $14,454.11 in fees and costs. The fee application did not attempt to set out separately the time involved in the only successful aspect of Lampley's case, the section 1983 due process claim. We find no error in the district court's determination that plaintiff was a prevailing party entitled to 42 U.S.C. Sec. 1988 attorney fees and costs only with respect to the section 1983 claim.
 
 
 6
 The district court was also not in error in finding the racial discrimination claims, on which Lampley did not prevail, to be "different claims for relief based on different facts and legal theories" from the section 1983 claim. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The question whether racial considerations and actions played any substantive part in Lampley's termination is a separate and distinct claim from the due process issue, which was virtually conceded by the defendant because of a failure to afford any meaningful pre-termination hearing.
 
 
 7
 There were also problems inherent in the request for attorney fees in this case arising from a lack of meaningful contemporaneous time records and some lack of documentation as to expenses. It should also be noted that in the prior appeal to this court Lampley and his counsel were unsuccessful in seeking to overturn the adverse decision on the racial discrimination aspect of the case and also unsuccessful in seeking to hold the County liable on the section 1983 claim. In sum, we find no abuse of discretion in the award of the district court.
 
 
 8
 We AFFIRM the decision of the district court accordingly. We assess costs of this appeal against plaintiff and/or his attorney.